1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  MEREDITH B. OSBORN, State Bar #250467
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3911
6  Facsimile:    (415) 554-3837
   E-Mail:    meredith.osborn@sfgov.org
7

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13  DANIEL RODRIGUEZ, 34 TURK          Case No. C08-2639 SI
    STREET, #343, SAN FRANCISCO, CA
14  94102                              DEFENDANT CITY AND COUNTY OF
                                       SAN FRANCISCO'S MOTION TO
15            Plaintiff,               DISMISS FOR FAILURE TO STATE A
                                       CLAIM AND LACK OF
16       vs.                           JURISDICTION, OR IN THE
                                       ALTERNATIVE FOR A MORE
17  THE CITY AND COUNTY OF SAN         DEFINITE STATEMENT;
    FRANCISCO,                         MEMORANDUM OF POINTS AND
18                                     AUTHORITIES
             Defendant.
19                                     [F. R. CIV. P. 12(b)(6), 12(b)(1), 12(e)]

20                                     Judge:            Hon. Susan Illston
                                       Hearing Date:     July 25, 2008
21                                     Time:             9:00 A.M.
                                       Place:            Crtrm. 10, 19th
22                                     Floor

23                                     Date Action Filed:   May 27, 2008
                                       Trial Date:          Not set
24

25

26

27

28

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................... ii

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ........................................................................................................................ 1

MEMORANDUM OF POINTS & AUTHORITIES .................................................... 1

    I.     PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE CITY AND COUNTY OF SAN FRANCISCO ....................................................................... 1

    II.    THIS COURT LACKS SUBJECT-MATTER JURISDICTION ........................... 2

    III.   PLAINTIFF'S COMPLAINT IS SO VAGUE AND AMBIGUOUS THAT DEFENDANT CITY AND COUNTY OF SAN FRANCISCO CANNOT REASONABLY PREPARE A RESPONSE. .......................................................... 3

    IV.   CONCLUSION ....................................................................................................... 3

# TABLE OF AUTHORITIES

**Federal Cases**

*Abramson v. Brownstein*
  897 F.2d 389 (9th Cir. 1990) ...................................................................................1

*Balistreri v. Pacifica Police Dep't*
  901 F.2d 696 (9th Cir. 1988) ...................................................................................1

*Cellars v. Pacific Coast Packaging, Inc.*
  189 F.R.D. 575 (N.D. Cal. 1999)..............................................................................3

*Clegg v. Cult Awareness Network*
  18 F.3d 752 (9th Cir. 1994) .....................................................................................1

*Eastburn v. Reg'l Fire Protection Auth.*
  31 Cal. 4th 1175 (2003) ...........................................................................................2

*Harvey v. City of Oakland*
  2007 U.S. Dist. LEXIS 81290, *24 (N.D. Cal. Oct. 15, 2007)....................................3

*Hisamatsu v. Niroula*
  2008 U.S. Dist. LEXIS 9194,
  *10 (N.D. Cal. Jan. 10, 2008) ..................................................................................1

*Hughes v. Rowe*
  449 U.S. 5 (1980).....................................................................................................2

*Kokkonen v. Guardian Life Ins. Co.*
  511 U.S. 375 (1994) .................................................................................................2

*Monell v. Dept. of Social Services*
  436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)................................................2

*Robertson v. Dean Witter Reynolds, Inc.*
  749 F.2d 530 (9th Cir. 1984) ...................................................................................1

*Sanders v. Kennedy*
  794 F.2d 478 (9th Cir. 1986) ...................................................................................1

*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*
  88 F.3d 780 (9th Cir. 1996) .....................................................................................1

*Walker v. County of Santa Clara*
  2005 WL 2437037 (N.D. Cal. Sept. 30, 2005) ..........................................................2

**State Cases**

*Eastburn v. Reg'l Fire Protection Auth.*
   31 Cal. 4th 1175 (2003) .................................................................................................1

**Federal Statutes**

28 United States Code
   § 1332 ...........................................................................................................................2

Federal Rule of  Civil Procedure
   § 12(e) ...........................................................................................................................2

Federal Rule of Civil Procedure
   § 12(b)(1) .......................................................................................................................2

Federal Rule of Civil Procedure
   § 12(b)(6) .......................................................................................................................1

1

2

**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

3

TO PLAINTIFF IN PRO PER:

4

TAKE NOTICE THAT on July 25, 2008 at 9:00 a.m. in Courtroom 10 at 450 Golden Gate

5

Ave., San Francisco, California, 19th Floor, Defedant City and County of San Francisco ("City") will

6

and hereby does move to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P.

7

12(b)(6) and lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). In the alternative, the

8

City will and hereby does move for a more definite statement of the pleadings under Fed. R. Civ. P.

9

12(e). This motion is based upon this notice, the attached memorandum of points and authorities, the

10

court file for this matter, and any argument that may be heard.

11

12

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE CITY AND COUNTY OF SAN FRANCISCO**

13

14

For the purposes of this motion to dismiss, the City accepts the material allegations in the

15

complaint as true and construes the allegations in the light most favorable to plaintiff. *Sanders v.*

16

*Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). This Court, however, "is not required to accept legal

17

conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn

18

from the facts alleged." *Hisamatsu v. Niroula*, 2008 U.S. Dist. LEXIS 9194, *10 (N.D. Cal. Jan. 10,

19

2008) (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)). Here,

20

dismissal is proper because plaintiff has failed to assert a cognizable legal theory. Needless to say,

21

plaintiff also failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental*

22

*Group v. Delta Dental Plan of Cal., Inc.,* 88 F.3d 780, 782 (9th Cir. 1996); *Balistreri v. Pacifica*

23

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d

24

530, 534 (9th Cir. 1984). Dismissal is appropriate because plaintiff can prove no set of facts that

25

support his claim against the City. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990).

26

Plaintiff alleges that a "medical Spanish, social worker" suspended his medical card. He does

27

not allege that this social worker is a City employee. As plaintiff does not identify any statutory basis

28

for liability against San Francisco, any state law claims must be dismissed. *See Eastburn v. Reg'l*

1  *Fire Protection Auth.,* 31 Cal. 4th 1175, 1183-84 (2003) ("[the] direct tort liability of public entities

2  must be based on a specific statute declaring them to be liable, or at least creating some specific duty

3  of care..."); *see also Walker v. County of Santa Clara*, 2005 WL 2437037 (N.D. Cal. Sept. 30, 2005)

4  (dismissing state claims).  Under California law, all common law and judicially declared forms of

5  liability for public entities are abolished.  Gov't Code §815 *et seq*.  A public entity is immune from

6  and not liable for any injury, except as specifically provided by statute.  Gov't Code §815(a); *Brown*

7  *v. Poway Unified School District* (1993) 4 Cal. 4th 820, 829.

8        Plaintiff also fails to state any federal law claims.  Even had plaintiff alleged that the social

9  worker was a City employee who deprived him of his rights under the Constitution or laws of the

10  United States in violation of 42 U.S.C. section 1983, he fails to state a claim against the City.  The

11  City is not liable for the actions of its employees alone and plaintiff has not alleged that the social

12  worker acted pursuant to any City policy, practice, or custom.  *See Monell v. Dept. of Social Services*,

13  436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

14        Although allegations drafted by pro se plaintiffs are held to a "less stringent standard" than

15  those prepared by lawyers, plaintiff's complaint cannot be construed as stating a claim against the

16  City.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

17  **II.    THIS COURT LACKS SUBJECT-MATTER JURISDICTION**

18        Plaintiff has not stated a claim over which this Court has subject-matter jurisdiction, and so

19  his Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1).  Federal courts are

20  courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party invoking the

21  court's jurisdiction bears the burden of proving that subject matter jurisdiction exists.  *See Kokkonen*

22  *v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

23        Plaintiff has not alleged any facts proving that this Court has subject matter jurisdiction over

24  this action.  Plaintiff does not identify any violation of federal law or the Constitution in his

25  Complaint.  Plaintiff alleges that he lives in San Francisco, California.  This Court therefore lacks

26  diversity jurisdiction under 28 U.S.C. section 1332.

27

28

1

2

**III.  PLAINTIFF'S COMPLAINT IS SO VAGUE AND AMBIGUOUS THAT DEFENDANT CITY AND COUNTY OF SAN FRANCISCO CANNOT REASONABLY PREPARE A RESPONSE.**

3

4

5

6

7

8

9

10

11

12

13

14

If this Court does not grant the City's motion to dismiss, it should order plaintiff to file a more definite statement of his claim.  Plaintiff's claim is so vague and ambiguous that the City cannot reasonably prepare a response.  Fed. R. Civ. P. 12(e); *see Sagan v. Apple Computer, Inc*., 874 F.Supp. 1072, 1077 (C.D. Cal. 1994).  Plaintiff does not identify the "medical Spanish, social worker" whom he claims is guilty of a crime, nor does he explain what crime has been perpetrated.  The complaint is ambiguous as to which, if any, of the two social workers he identifies, Hector and Luis, are responsible for suspending his medical card, and how the suspension caused him harm.  Plaintiff identifies no law that the social worker or the City violated.  Plaintiff's complaint does not provide sufficient facts or *any* legal theories that would inform the City of the nature of his claims.  *See Harvey v. City of Oakland,* 2007 U.S. Dist. LEXIS 81290, *24 (N.D. Cal. Oct. 15, 2007).  Without a more definite statement, the City simply cannot prepare a response to the Complaint.  *See Cellars v. Pacific Coast Packaging, Inc*., 189 F.R.D. 575, 578 (N.D. Cal. 1999).

15

**IV.    CONCLUSION**

16

17

18

For the foregoing reasons, the City's motion to dismiss for failure to state a claim and lack of subject-matter jurisdiction should be granted.  The City respectfully requests the Court to enter final judgment in its favor and to dismiss the Complaint in its entirety without leave to amend.

19

20

In the alternative, the City respectfully requests the Court order plaintiff to file a more definite statement of his pleading.

21

DATED:  June 17, 2008

22

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy

23

24

25

By:_____/s/_____

26

MEREDITH B. OSBORN
Deputy City Attorney

27

28

Attorneys for Defendant City and
County of San Francisco

**PROOF OF SERVICE**

I, MICHAEL K. LUCERO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On June 17, 2008, I served the following document(s):

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF JURISDICTION, OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the following persons at the locations specified:

DANIEL RODRIGUEZ
In Pro Per
34 Turk Street, #343
San Francisco, CA 94102
Tel. (415) 567-4951

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed June 17, 2008, at San Francisco, California.

_____
MICHAEL K. LUCERO